T.C. Summary Opinion 2001-80


UNITED STATES TAX COURT


JAMES E. HARRELL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10656-99S.                    Filed June 7, 2001.


James E. Harrell, pro se.

<u>Robert A. Varra</u>, for respondent.


PAJAK, <u>Special Trial Judge</u>: This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.  Unless otherwise indicated,
subsequent section references are to the Internal Revenue Code in
effect for the year in issue.

Respondent determined a deficiency of $2,770 and a section 6651(a)(1) addition to tax of $598.25 in petitioner's Federal income tax for the year 1994. This Court must decide: (1) Whether petitioner qualifies for head of household filing status; (2) whether petitioner substantiated the amounts claimed as itemized deductions for medical expenses, taxes paid, interest expenses, charitable contributions, unreimbursed employee business expenses, and other expenses; and (3) whether petitioner is liable for an addition to tax for failing to timely file his 1994 tax return. If petitioner's itemized deductions are less than the standard deduction, then petitioner will be entitled to the standard deduction under section 63(b), as respondent determined.

Petitioner resided in Aurora, Colorado, at the time he filed his petition.

In 1993, petitioner and his wife were legally separated. During 1994, petitioner's four children lived with their mother. They spent 2-3 nights per week at petitioner's house. Petitioner provided financial support for his children. Under the 1996 decree of dissolution, petitioner was entitled to claim dependency exemption deductions for two of his four children. On his 1994 return, which was filed on July 3, 1997, petitioner claimed head of household filing status. Respondent determined that petitioner's filing status should be single.

To qualify as a head of household, petitioner must have maintained a home that was the principal place of abode for more than one-half of the year for at least one of his children. Sec. 2(b). Petitioner did not establish that any of his children lived in his home for more than one-half of the year. Accordingly, we sustain respondent's disallowance of head of household filing status.

Respondent disallowed certain itemized deductions claimed by petitioner because petitioner did not substantiate the amounts he claimed. Deductions are strictly a matter of legislative grace. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Taxpayers must substantiate claimed deductions. Hradesky v. Commissioner, 65 T.C. 87, 89 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976). Moreover, taxpayers must keep sufficient records to establish the amounts of the deductions. Meneguzzo v. Commissioner, 43 T.C. 824, 831 (1965); sec. 1.6001-1(a), Income Tax Regs. Generally, except as otherwise provided by section 274(d), when evidence shows that a taxpayer incurred a deductible expense, but the exact amount cannot be determined, the Court may approximate the amount bearing heavily if it chooses against the taxpayer whose inexactitude is of his own making. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). The Court,

however, must have some basis upon which an estimate can be made. Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).

Petitioner reported $4,280 of medical and dental expenses on his Schedule A. Respondent conceded that petitioner substantiated $887 of these expenses for medical insurance. At trial, petitioner substantiated that he paid $2,500 to a doctor. Under section 213, individuals are entitled to an itemized deduction for amounts paid for medical care to the extent that these expenses exceed 7.5 percent of the individual's adjusted gross income. Petitioner's adjusted gross income was $41,471. Therefore, petitioner may deduct medical expenses only to the extent that they exceed $3,110. The substantiated expenses totaled $3,387. We find that petitioner may deduct $277 for medical expenses.

Petitioner claimed $1,450 of taxes paid as an itemized deduction on his return. Respondent conceded $1,230 of this amount was deductible. An itemized deduction is allowable under section 164(a) for certain types of taxes. Petitioner did not substantiate any additional amount. We find that petitioner may deduct $1,230 for taxes.

Petitioner deducted $4,105 of home mortgage interest expense on his return. In 1995, in lieu of foreclosure, petitioner's house was sold. The settlement statement shows that interest from January 1, 1993, to April 1, 1995, was paid with the

proceeds from the sale on April 6, 1995. A deduction for qualified residence interest paid on indebtedness during the year is allowed under section 163(a) and (h). In this case, petitioner did not pay the interest on his home during 1994, the year in issue. He paid it in 1995 when his house was sold. Accordingly, we sustain respondent's disallowance of the interest expense deduction.

Petitioner claimed $650 of charitable contributions deductions. An itemized deduction is generally allowable for charitable contributions made during a year but only if the contribution is verified in accordance with regulations prescribed by the Secretary of the Treasury. Sec. 170(a). Based on petitioner's testimony, we allow petitioner a $100 deduction for charitable contributions. Cohan v. Commissioner, supra.

Petitioner deducted $2,300 of unreimbursed employee business expenses for union dues and job-hunting expenses. Respondent conceded $382.68 for union dues. Expenses incurred in looking for a new job in a taxpayer's current trade or business are allowed as an itemized deduction. Sec. 162(a); Primuth v. Commissioner, 54 T.C. 374 (1970). However, if part of the purpose of a job hunting trip is personal in nature, the personal portion of the expenses is not deductible. Sec. 262. Petitioner stated that he looked for jobs in Jackson and Gulfport, Mississippi, and that the expenses he claimed were for mileage.

He also visited his father on these trips. Petitioner provided no record of his mileage and failed to meet the strict substantiation requirements of section 274(d). Accordingly, we find that petitioner is entitled to deduct only the $382.68 of union dues expense conceded by respondent.

Petitioner deducted $3,600 of expenses for legal fees and "claim of right" and $8,150 of other miscellaneous expenses for the "claim of right". He did not know how the $3,600 amount was allocated between the two expenses. Legal fees may be deductible as an itemized deduction under section 212 if they are paid for the production or collection of income or for the management, conservation, or maintenance of income producing property. Petitioner did not substantiate that he paid the legal fees, nor did he establish his right to deduct them under section 212. In regards to the "claim of right" expenses, it appears that petitioner borrowed money from a Mr. Ashley and Mr. Ashley then sued to collect the money. Petitioner testified that the "claim of right" expenses were the amounts he transferred to Mr. Ashley in repayment of the loan. There was no documentation supporting petitioner's testimony that these payments were actually made. In any event, it is well established that deductions are not permitted on account of the repayment of loans. Brenner v. Commissioner, 62 T.C. 878, 883 (1974); Clark v. Commissioner, T.C. Memo. 1994-120, affd. without published opinion 68 F.3d 469

(5th Cir. 1995). Accordingly, we sustain respondent's disallowance of the deductions for the legal expenses and the "claim of right" expenses.

The itemized deductions substantiated by petitioner or allowed by the Court are less than the standard deduction for an unmarried individual. Sec. 63(c)(2)(C). Consequently, petitioner is entitled to the standard deduction for his 1994 tax year.

Respondent contends that petitioner is liable for an addition to tax pursuant to section 6651(a)(1). Section 6651(a)(1) imposes an addition to tax for failure to file a Federal income tax return by its due date, determined with regard to any extension of time for filing previously granted. The addition equals 5 percent for each month that the return is late, not to exceed 25 percent. Sec. 6651(a)(1). Additions to tax under sections 6651(a)(1) are imposed unless the taxpayer establishes that the failure was due to reasonable cause and not willful neglect. Sec. 6651(a)(1). The taxpayer must prove both reasonable cause and a lack of willful neglect. Crocker v. Commissioner, 92 T.C. 899, 912 (1989). "Reasonable cause" requires the taxpayer to demonstrate that he exercised ordinary business care and prudence. United States v. Boyle, 469 U.S. 241, 246 (1985). Willful neglect is defined as a "conscious,

intentional failure or reckless indifference." <u>United States v. Boyle</u>, <u>supra</u> at 245.

Petitioner filed his 1994 return on July 3, 1997. Petitioner stated that he did not file his 1994 tax return on time because his bankruptcy lawyer told him he should not file it until his 1992 and 1993 returns were "cleared up with the actual bankruptcy action." The attorney did not explain why filing the return late would be a good idea. We find that relying on this alleged information without questioning why he should file late or why he should not at least file for an extension demonstrates that petitioner did not exercise ordinary business care and prudence. Petitioner did not have reasonable cause for filing late. We sustain respondent's determination of the section 6651(a)(1) addition to tax.

To the extent that we have not addressed any of the parties' arguments, we have considered them and conclude they are without merit.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>
<u>for respondent.</u>